# H. H. and S. F. SLATTER *v.* CHARLES TIERNAN & CO.

The plaintiffs, on an execution, had garnisheed A. He filed his answers to the interroga-tories. Six years after, the plaintiffs took a rule against the garnishee, to show cause why judgment should not be entered against him upon his answers. The grounds of the rule were, exceptions to the manner in which the interrogatories had been answered. *Held*: That a final judgment could not be entered against the garnishee.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge,* J. J. and J. *Henderson,* for plaintiffs. *John R. Grymes,* for appellant. The judgment of the court *(Preston,* J., declining to sit in this cause, having been of counsel,) was pronounced by

EUSTIS, C. J. This is an appeal taken by *John R. Grymes, Esq.,* as curator *ad hoc* of *Thomas Penny,* garnishee, from a judgment rendered against the garnishee, personally, and in favor of the plaintiffs, for the amount of a judg-ment which they had obtained against *Charles Tiernan,* individually, and as the surviving partner of the late commercial firm of *Tiernan, Cuddy & Co.*

The judgment in favor of the plaintiffs was obtained on the 27th May, 1841 ; an execution was issued on it, on the 27th March, 1844 ; under this judgment and execution, plaintiffs took out process of garnishment against *Thomas Penny,* then in the city of New Orleans, but residing in the State of Mississippi; and interrogatories were served on him, under the act of the 20th of March, 1839. He filed his answers on the 24th of April, 1844. No action appears to have been taken in relation to these answers, until the 8th of November, 1850, when the plaintiffs took a rule against *Penny,* to show cause why a judgment *pro confesso* should not be rendered against him for the amount of the judgment, for certain reasons, stated by way of exceptions, specified in the rule which the plaintiffs then, for the first time, made to the answers of *Penny* to the interroga-tories propounded to him.

*Penny,* it is stated by the plaintiffs' counsel, is a resident of the State of Mis-sissippi. *Mr. Grymes* was appointed curator *ad hoc* to represent him; time was given the curator to correspond with the absent defendant. An answer was filed by the curator, in which he stated, that the means that he had taken to reach *Penny,* by correspondence, were unsuccessful ; that he had not been able to ascertain where *Penny* could be found; and he had been informed by one per-

son, in this city, that *Penny* was dead. Under the circumstances, he applied to court for further time to communicate with *Penny*. On the disallowal of this, the curator pleaded to the jurisdiction of the court, and to the mode and regularity of the proceedings against the defendant garnishee. The rule was taken up, upon the answer of the curator, on the 11th January, 1851, and judgment was rendered against him; on which, the present appeal was taken.

We consider, that the proceedings in garnishment, under a *fieri facias*, are assimilated to those in cases of attachment, and ought to be governed by the same rules, in relation to the protection of garnishees who are in good faith and without *laches*. The reasons of the district judge for rendering judgment against *Penny* were, that he had not answered the 4th and 5th interrogatories propounded to him by the plaintiffs. These interrogatories, the respondent *Penny* states, he was unable to answer, for the reasons given by him. The whole subject matter of the interrogatories, and the answers, appear to be dependent on a certain deed of trust referred to in the answers, and prayed to be considered as a part of the same. The deed is described to have been passed on the 8th June, 1841, before *William Christy*, a notary public, in the city of New Orleans. This deed, the district judge thought the garnishee was bound to have produced, and to have furnished his accounts, as required by the plaintiffs' interrogatories.

It is clear to us, that the court could not proceed, understandingly, against the garnishee, without having this deed of trust before it, or having the default fixed on the garnishee for not producing it. Our impression is, that if the plaintiffs required the garnishee to produce this deed, they ought to have given the garnishee notice, by way of exception to the answers. It often happens, that parties in their answers, under oath, refer to matters which are of record, and that the opposite party acquiesce in the statements of the answers: thus avoiding trouble and expense of procuring copies. We held, in the case of *Woodruff* v. *French, ante,* p. 62, that where the garnishee referred to certain judicial proceedings in Missouri, the plaintiffs, if they were not satisfied with the answers in this respect, ought to have excepted to them ; and thus given the garnishees notice, that their answers, in relation to the judicial proceedings, were not acquiesced in.

We do not find that the plaintiffs, in the present case, produced themselves the deed of trust; but the action of the court appears to have been based on the garnishee's not having produced the deed of trust.

The circumstance, that the answers remained in the clerk's office, without any action having been taken in relation to them for more than six years, and the residence of the garnishee in another State, coupled with the fact, that the general tenor of the answers appears to be fair; have great weight with us in relieving the absentee against any proceedings which may bear the appearance of being hard or precipitate. As we said in the case of *Woodruff*, the district court will be enabled to take such future action in the case, as will secure their just rights to the plaintiff, and protect those of the garnishee. The exceptions specified in the rule can stand as exceptions to the answers, and the court render such decision thereon, as the justice of the case requires. But we think no final judgment ought to be rendered against the garnishee, as the case stands before us. The garnishee is undoubtedly in court, by his answers, and is amenable to its jurisdiction. The appointment of a curator *ad hoc*, we consider regular and proper, and the only means by which the garnishee can be reached, unless he elect to appear in person or by attorney.

The judgment of the district court is therefore reversed, and the case remanded for further proceedings; the plaintiffs and appellees paying the costs of this appeal.